```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RICKY UNDERCUFFLER, SR., guardian ad litem for RICKY UNDERCUFFLER, JR. & RICKY UNDERCUFFLER, SR. individually,<br><br>       Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA et al.,<br><br>       Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil No. 09-1152 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

    This Federal Tort Claims Act case is before the Court on the United States' motion, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss Count V of the Complaint for lack of subject matter jurisdiction and to strike Plaintiffs' demand for trial by jury [Docket Item 19].  The Court finds as follows:

    1.  This case involves a vehicular collision between an FBI Special Agent and a minor, Ricky Undercuffler, Jr., who was operating a dirt bike.  The minor's father, Ricky Undercuffler, Sr., owned the dirt bike, and was operating an ATV nearby when the collision occurred.  (Compl. 1-5.)

    2.  The Federal Tort Claims Act — which is codified principally at 28 U.S.C. §§ 1346(b) and 2671-2680 — is a limited

waiver of the United States's sovereign immunity.  See Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003).  The Act requires the presentation of a claim to the appropriate agency, and the specification of a sum certain for the claim, before sovereign immunity is waived.  White-Squire v. United States Postal Service, 592 F.3d 453, 457 (3d Cir. 2010) (citing 28 U.S.C. § 2675).  Consequently, a failure to present a claim or to present a sum certain for the claim means that this Court lacks jurisdiction over the claim.  Id. at 458.

    3.  In December 2007, Plaintiffs in this case submitted separate administrative tort claims to the FBI.  (Compl. Ex. A ("Claim Forms").)  Ricky Undercuffler Jr. sought relief for personal injuries, and Ricky Undercuffler Sr. sought relief for the property damage to the dirt bike.  (Id. at 1-2.)  The FBI denied both claims, and Plaintiffs filed their complaint in this Court.  In Count V of the Complaint, Undercuffler, Sr. seeks recovery for his emotional distress, for loss of his child's services and consortium, and for damages he spent on medical expenses for his child.  (Compl. 4-5.)

    4.  There is no dispute that Mr. Undercuffler, Sr. did not present an administrative tort claim in a sum certain for any of his claims in Count V.  Therefore, regardless of whether the United States was put on general notice of his potential claims by the circumstances of the fact presented in the claim forms,

this Court lacks jurisdiction over Count V.

    5.   Plaintiffs concede that a jury trial is unavailable in this case.  <u>See</u> 28 U.S.C. § 2402.  Accordingly, the United States' motion to dismiss will be granted in its entirety, dismissing Count V and striking Plaintiff's demand for a jury trial.

    The accompanying Order will be entered.


**January 24, 2011**                                      _s/ Jerome B. Simandle_
Date                                                 JEROME B. SIMANDLE
                                                             United States District Judge